UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALEEM HAMID,

                      **Plaintiff,**                    No. 05-cv-1358
                                                        (GLS-DRH)

        v.

CYNDEE TEMPLE, Corrections Officer;
D. ALLISON, Corrections Officer;
J. COLEMAN, Corrections Captain;
GERALD McDONOUGH, Corrections
Officer; DEAN FERRARO, Corrections
Officer; ROCCO MANSUETO, Corrections
Officer; BOTSFORD, Corrections Officer;
WELLS, Corrections Officer; DANIEL
MIRALDI, Corrections Sergeant; ELLISON,
Lieutenant; DAVID L. MILLER, Superintendent,
Eastern Correctional Facility; DONALD
SELSKY, Director of the Special Housing Unit;
GLENN S. GOORD, Commissioner; NEW YORK
STATE DEPARTMENT OF CORRECTIONAL
SERVICES; and STATE OF NEW YORK,

                      **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

FOR THE PLAINTIFF

SALEMM HAMID
90-B-1066
*Pro Se*
Clinton Correctional Facility
P.O. Box 2001

Dannemora, New York 12929
FOR THE DEFENDANTS

| | |
|---|---|
| HON. ANDREW M. CUOMO<br>Attorney General for the<br>State of New York<br>The Capitol<br>Albany, New York 12224<br>Attorney for Defendants | MEGAN M. BROWN, ESQ.<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

The above-captioned matter comes to this court following a Report and Recommendation ("R&R") filed August 19, 2008, by Magistrate Judge David R. Homer.  (Dkt. No. 45.)[1]  The R&R recommends that pro se plaintiff Saleem Hamid's ("Hamid") claim of excessive force against Rocco Masueto ("Masueto"), Daniel Miraldi ("Miraldi"), Dean Ferraro ("Ferraro"), Farrell[2] and Botsford; and his claims against D. Allison ("Allison") and Gerald McDonough ("McDonough") should survive.  As to the remaining claims, the R&R recommends granting defendants' motion for summary

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] Defendants filed a declaration from Thomas Farrell with the motion for summary judgment.  (*See* Dkt. No. 40-23.)  The R&R inadvertently recommended dismissal of Thomas Farrell, but as defendants noted in their objections, Farrell is not a named defendant in this action.

2

judgment. Pending are defendants' objections to the R&R. (Dkt. No. 48).

Before entering final judgment, the court reviews an R&R in cases it has referred to a Magistrate Judge. *See Anderson v. Banks*, No. 06-cv-0625, 2008 WL 3285917, at *1 (N.D.N.Y. Aug. 7, 2008). When a party objects to specific elements of the Magistrate Judge's findings and recommendations, the court conducts a de novo review of those findings and recommendations. *See id.* However, where a party has filed no objection, or only a vague or general objection, the court reviews the findings and recommendations for clear error. *See id.*

Defendants have two objections to the R&R. First, they contend Hamid failed to comply with the mandatory requirement to exhaust his administrative remedies regarding his claims against defendants. They contend Hamid's conclusory assertions/explanations as to the reasons for his failure to exhaust those remedies are simply not justifiable grounds, thus, their motion for summary judgment should be granted. This court agrees.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

3

other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the Supreme Court, PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The New York State Department of Correctional Services ("DOCS") requires the inmate first:

> [F]ile a level 1 grievance (either on an Inmate grievance Complaint Form, or on plain paper if the form is not readily available) with the Inmate Grievance Resolution Committee ("IGRC") . . . Next, the inmate has four days to appeal the IGRC decision to the superintendent of the facility . . . The inmate's final opportunity for resolution of his grievance is to appeal to the [Central Office Review Committee]. . .

*Boddie v. Bradley,* 9:99-CV-1016, 2006 WL 162996 at, * 2 (N.D.N.Y. Jan. 20, 2006), *aff'd.,* 228 Fed. App'x. 5 (2d Cir. 2006). The Second Circuit has made it clear, however, that,

> [N]otice *alone* [to prison officials] is insufficient [compliance with exhaustion requirements] because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance' and '[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.

4

*Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (quoting *Woodford v. Ngo,* 548 U.S. 81, 95 (2006)) (emphasis added and internal quotations omitted). Nevertheless, the Second Circuit has also indicated that "certain special circumstances in which, though administrative remedies may have been available and though the government may not have been estopped from asserting the affirmative defense of non-exhaustion, the prisoner's failure to comply with administrative procedural requirements may . . . [be] justified." *Giano v. Goord,* 380 F.3d 670, 676 (2d Cir. 2004) (internal quotations and citations omitted). For example, the Second Circuit has recognized that a prisoner's reasonable interpretation of ambiguous DOCS regulations may justify a failure to exhaust remedies. *Giano,* 380 F.3d at 676. Likewise, the Second Circuit has recognized that a prisoner's fear of retaliation may also justify a prisoner's failure to exhaust remedies. *Hemphill v. New York,* 380 F.3d 680, 690 (2d Cir. 2004).

In this case, Hamid offered three reasons for his failure to file grievances: (1) he had filed grievances in the past which did not go to the right person; (2) he attempted to send grievances to his mother so that she could present them for him, but she did not receive them; and (3) he made verbal complaints to defendant Miller, but Miller did not instruct him to file

his grievances in writing. Magistrate Judge Homer found Hamid's reasons for failing to exhaust required a credibility finding thereby precluding dismissal. This court cannot agree. Presuming Hamid's stated reasons are true, aside from being merely conclusory assertions, Hamid's reasons for failing to exhaust clearly do not fall within the circumstances in *Giano* and *Hemphill*. Accordingly, Hamid has not presented facts that justify an exception to the administrative exhaustion requirement and his Eighth amendment claim is dismissed.

Second, defendants contend Hamid failed to prove personal involvement by defendants Allison and McDonough (who do not hold supervisory positions), thus, their motion should have been granted to these defendants as well. The court again agrees.

As the R&R indicates, Allison was not working on the evening of the incident and McDonough's only involvement, according to Hamid, was that he was present when Temple allegedly broke Hamid's radio. But, as the R&R indicates, breaking Hamid's radio does not raise a constitutional violation. The R&R states Hamid alleges these defendants were apprised of, and participated in, a plot to conceal Temple's lies, thus, these defendants had knowledge of, and participated in, the events in question.

6

But, the R&R also indicates that Hamid has made no viable claim of conspiracy. Putting aside the critical issue of Hamid's failure to exhaust his administrative remedies, nothing on this record indicates defendants' motion should be denied with respect to defendants Allison and McDonough.

Upon de novo review of the instant matter, the court determines that the Magistrate Judge's findings and recommendations denying defendants' motion, based on Hamid's failure to exhaust his administrative remedies against Miraldi, Ferraro, Mansueto, and Botsford, and claims against Allison and McDonough based on their lack of involvement, are not supported by the record. Thus, defendants' objections (Dkt. No. 48) are sustained. Accordingly, the court adopts the R&R in part and declines to adopt it in part.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Homer's August 19, 2008, R&R is adopted in its entirety <u>except</u> with respect to:

1. Hamid's claims of excessive force under the Eighth Amendment. With respect to this claim, defendants' objections (Dkt. No. 48) are sustained and defendants Mansueto, Miraldi,

Ferraro, and Botsford are dismissed; and

2. Hamid's claims against Allison and McDonough based on, *inter alia*, conspiracy and destruction of property. With respect to these claims, defendants' objections (Dkt. No. 48) are sustained for either lack of personal involvement and/or failure to state a claim; and it is further

**ORDERED** that the entire complaint is dismissed; and it is further

**ORDERED** that the Clerk enter judgment and provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
February 26, 2009

*Gary L. Sharpe*
United States District Court Judge